**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


*In re* **M.W.-1 and C.W.**

**No. 22-829** (Braxton County CC-04-2021-JA-12 and CC-04-2021-JA-13)


**MEMORANDUM DECISION**


Petitioner Mother M.W.-2[1] appeals the Circuit Court of Braxton County's September 12, 2022, dispositional order determining custody of M.W.-1 and C.W.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In March 2021, the DHHR filed an abuse and neglect petition against petitioner alleging that both children witnessed domestic violence in the home between petitioner and their maternal grandmother. The petition also discussed petitioner's mental health issues and truancy concerns with C.W. Following the preliminary hearing, the father was given custody of both children for the duration of the proceedings. At the adjudicatory hearing, petitioner was adjudicated as an abusive and neglectful parent and was granted a post-adjudicatory improvement period. It was undisputed that petitioner successfully completed her post-adjudicatory improvement period and corrected the conditions of abuse and neglect at issue. The court then scheduled the matter for disposition to determine final custody placement, taking testimony on both May 17, 2022, and June 2, 2022.

The court received testimony from DHHR workers, service providers, and M.W.-1 and C.W., in camera, as well as evidence and prior testimony from school officials and law enforcement given at the adjudicatory hearing. In the circuit court's dispositional order, the court recounted that, prior to the petition's filing, petitioner was the primary custodial parent. The

---

[1]Petitioner appears by counsel Jonathan Fittro. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Counsel Julia Callaghan appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because one of the children and petitioner share the same initials, we will refer to them as M.W.-1 and M.W.-2, respectively.

1

evidence indicated that the children had poor attendance and low grade averages while in petitioner's care and their attendance and grades both improved while in their father's care. Although the court commended petitioner for her successful completion of her improvement period, the court took note of the abuse and neglect the children experienced.

The court noted petitioner's mental health conditions, though found that petitioner's conditions "would not affect her parenting ability so long as she took her medications as prescribed" and continued with therapy. However, the court expressed concern that petitioner "has not shown a willingness to follow her mental health provider's advice and regularly take her medications as prescribed." Additionally, the court expressed concern that petitioner had not addressed her inability to independently financially support herself and the children, while the father "has maintained full-time employment and has the financial ability to provide for the care, maintenance, and support of the children."

The guardian and the DHHR recommended that petitioner and father share legal custody, with the father as the primary custodial parent. Through in camera testimony, both children, then ages fifteen and twelve, also shared a preference to continue living with their father and their desire to remain together as siblings. Consequently, the court awarded "physical and primary custody" to the father and found that permanency had been achieved by order entered on September 12, 2022. It is from this order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner contends that the circuit court erred in granting primary custody to the father, arguing that the children should have been returned to her care after her successful completion of the improvement period. We disagree, however, as the applicable statutes and our prior holdings required the circuit court to award custody in a manner consistent with protecting the children's welfare.

We have previously held that a "circuit court is obligated to apply the factors and considerations set forth in [West Virginia Code § 48-9-206] . . . in allocating custodial . . . responsibilities when reunifying children subject to abuse and neglect proceedings." Syl. Pt. 5, in part, *In re T.M.*, 242 W. Va. 268, 835 S.E.2d 132 (2019).[3] Additionally, we have held that, where findings of abuse or neglect have been established, "the circuit court must further employ the mandatory considerations and procedures set forth in West Virginia Code § 48-9-209 (2016), in order to protect the children from further abuse and/or neglect." *Id.* While West Virginia Code § 49-9-206(a) normally requires a court to "allocate custodial responsibility so that . . . the custodial time the child spends with each parent shall be equal," that statute also limits such allocation "to the extent required under § 48-9-209." Importantly, West Virginia Code § 48-9-209 requires a circuit court approving a permanent parenting plan to consider several factors, including whether a parent "[h]as abused, neglected, or abandoned a child." Finally, West Virginia Code

---

[3]This holding also requires courts to address decision-making authority in compliance with West Virginia Code § 48-9-207(b). However, petitioner does not challenge the court's award of equal decision-making on appeal, thereby rendering analysis of this statute unnecessary for resolution of her appeal.

§ 48-9-209(b) requires a circuit court to "impose limits that are reasonably calculated to protect the child . . . from harm" when a parent has engaged in this conduct, such as adjusting the custodial responsibility of the parents or allocating exclusive custodial responsibility to one of the parents.

We commend petitioner for the successful completion of her improvement period, and it is this successful completion that resulted in petitioner keeping her parental rights and sharing legal custody with the children's father. However, we disagree with petitioner's position that, because she completed her improvement period, she must be named as the primary custodial parent, as she previously was. Where abuse and/or neglect has been substantiated, the circuit court is *required* to consider that abuse and/or neglect at disposition, even when an adjudicated parent has successfully completed an improvement period. West Virginia Code § 48-9-209(b) gives circuit courts the discretion to change the allocation of custodial responsibility to protect children from future harm. *See T.M.*, 242 W. Va. at 280, 835 S.E.2d at 144 ("Section 209's provisions bestow broad discretion on a court making a custodial allocation to ensure that a child is protected from any harm the abuse and neglect findings potentially forecast."). Here, after considering relevant factors and enumerating concerns for the children, the circuit court allocated custodial responsibility in its discretion to secure the children's safety and welfare.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 12, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn